UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD N. MCCRAY | CIVIL ACTION |
| VERSUS | NO. 06-2794 |
| WARDEN MARLIN PEACHEY, SHERIFF RODNEY STRAIN, JR., AND SGT. COLPEL CROUCH | MAGISTRATE JUDGE KAREN WELLS ROBY |

## JURY INTERROGATORIES

**CLAIMS UNDER 42 U.S.C. § 1983:**

1. Do you find from a preponderance of the evidence that Lieutenant Terry Crouch was deliberately indifferent to a known and substantial risk of harm to the safety or health of the plaintiff, Edward McCray, in violation of his constitutional right to protection from attack by another inmate and which violation caused the plaintiff injury?

    YES _____    NO __✓__

**PROCEED TO QUESTION NO. 2.**

2. Do you find from a preponderance of the evidence that either Warden Peachey intentionally failed to exercise a duty to supervise or manage the deputies responsible for providing the plaintiff, Edward McCray, with protection from attack by another inmate which caused the plaintiff injury?

    YES _____    NO __✓__

**IF YOU ANSWERED "NO" TO BOTH QUESTION NOS. 1 AND 2, SKIP QUESTION NO. 3. PROCEED TO QUESTION NO. 4.
IF YOU ANSWERED "YES" TO EITHER QUESTION NOS. 1 OR 2, ANSWER QUESTION NO. 3.**

3.  Do you find by a preponderance of the evidence that any of the defendants, in their individual capacities, acted in good faith and as a reasonable officer would have under the circumstances such that he is entitled to qualified immunity?

    A.  Warden Marlin Peachey        YES ___✓___ void          NO _____

    B.  Lieutenant Terry Crouch      YES ___✓___ void          NO _____

**PROCEED TO QUESTION NO. 4.**


4.  Do you find by a preponderance of the evidence that the defendants, acting in their official capacities, intentionally violated the plaintiff's constitutional rights through implementation of, or the failure to follow, a policy, custom, ordinance, regulation or decision attributable to St. Tammany Parish?

    A.  Warden Marlin Peachey        YES _____          NO ___✓___

    B.  Lieutenant Terry Crouch      YES _____          NO ___✓___

**PROCEED TO QUESTION NO. 5.**

**LOUISIANA STATE LAW CLAIMS:**

5. Do you find from a preponderance of the evidence that any of the defendants acted negligently in failing to provide the plaintiff, Edward McCray, with protection from attack by another inmate, or in failing to follow policies in place to provide that protection, in such a manner as to cause the plaintiff injury?

   A. Warden Marlin Peachey      YES _____      NO ___✓___

   B. Sheriff Rodney Strain, Jr.  YES _____      NO ___✓___

   C. Lieutenant Terry Crouch     YES ___✓___        NO _____

**IF YOU ANSWERED "YES" TO ANY PART OF QUESTION NO. 5, ANSWER QUESTION NO. 6.**
**IF YOU ANSWERED "NO" TO ALL PARTS OF QUESTIONS NO. 5, DO ONE OF THE FOLLOWING:**
**(1) IF YOU ALSO ANSWERED "NO" TO ALL PARTS OF QUESTION NOS. 1, 2 AND 4, STOP HERE. HAVE THE FOREPERSON DATE AND SIGN THE FORM ON THE LAST PAGE AND NOTIFY THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT; OR**
**(2) IF YOU ANSWERED "YES" TO ANY PART OF QUESTION NO. 4 OR "NO" TO ANY PART OF QUESTION NO. 3, SKIP QUESTION NO. 6. PROCEED TO QUESTION NO. 7.**

6. Do you find that either Sheriff Strain or Warden Peachey is vicariously liable for the negligent actions or inactions of a deputy responsible for providing the plaintiff, Edward McCray, with protection from attack by another inmate where that deputy's negligence caused the plaintiff injury?

   A. Warden Marlin Peachey      YES ___✓___        NO _____

   B. Sheriff Rodney Strain, Jr.  YES _____      NO ___✓___

**PROCEED TO QUESTION NO. 7.**

7. Do you find by a preponderance of the evidence that the plaintiff was comparatively at fault for the injuries he suffered as a result of the defendants negligence you found in Question No. 5 or 6 above?

   YES __✓__          NO _____

**IF YOU ANSWERED "NO" TO QUESTION NO. 7, SKIP QUESTION NO. 8. PROCEED TO QUESTION NO. 9.**

**IF YOU ANSWERED "YES" TO QUESTION NO. 7, ANSWER QUESTION NO. 8.**

8. If you found a party to be negligent or at fault in Question Nos. 5, 6, or 7, what percentage of fault do you assign to each party. Your answers must equal 100 %.

   | | | |
   |---|---|---|
   | A. | Warden Marlin Peachey | 5 % |
   | B. | Sheriff Rodney Strain, Jr. | 0 % |
   | C. | Lieutenant Terry Crouch | 20 % |
   | D. | Edward N. McCray | 35 % |
   | E. | Other | 40 % MARLON R. BRUMFIELD |
   | | TOTAL | 100 % |

**PROCEED TO QUESTION NO. 9.**

9. If you found that the plaintiff has established any of his claims against the defendants, what amount of damages, if any, do you find from a preponderance of the evidence would fairly and adequately compensate the plaintiff for the damages he has suffered as a result of the violation of his constitutional rights or the defendants negligence which you found to have been caused by the defendant? Answer in dollars.

   Loss of the Right Eye:         $ #35,000.00

   Emotional Pain and Suffering:  $ 0

   Physical Pain and Suffering:   $ 0

   Future Medical Expenses:       $ 15,000.00

   Loss of Enjoyment of Life:     $ 0

**PROCEED TO QUESTION NO. 10.**

10. If you found a violation of the plaintiff's constitutional rights by a defendant, who was not found to be acting in good faith in Question No. 3 above, was the defendant's act malicious, willful, or in callous disregard of plaintiff's constitutional rights?

    A.  Warden Marlin Peachey     YES _____     NO ✓

    B.  Lieutenant Terry Crouch   YES _____     NO ✓

**IF YOU ANSWERED "NO" TO ALL PARTS OF QUESTION NO. 10, STOP HERE. DO NOT ANSWER QUESTION NO. 11. HAVE THE FOREPERSON DATE AND SIGN THE FORM ON THE LAST PAGE AND NOTIFY THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT**

**IF YOU ANSWERED "YES" TO ANY PART OF QUESTION NO. 10, ANSWER QUESTION NO. 11.**

5

11. What amount of punitive damages is due to the plaintiff as a result of the malicious conduct of the defendant(s) which you found to have occurred in Question No. 10? Answer in dollars.

$ _____

**HAVE THE FOREPERSON DATE AND SIGN THIS FORM AND NOTIFY THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.**

New Orleans, Louisiana, this __27 Th__ day of August, 2008.

*James P. Noble*
_____
FOREPERSON

6