UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD N. MCRAY | CIVIL ACTION |
| VERSUS | NO. 06-2794 |
| WARDEN MARLIN PEACHEY, SHERIFF RODNEY STRAIN JR., AND SGT. COLPEL CROUCH | UNITED STATES MAGISTRATE JUDGE KAREN WELLS ROBY |

**ORDER AND REASONS**

This matter is before the Court upon consent of the parties pursuant to Title 28 U.S.C. § 636(c). Before the Court is a **Motion for Judgment as a Matter of Law or in the Alternative a Motion for New Trial (Rec. Doc. No. 120)** filed by the Plaintiff, Edward McCray ("McCray"). The Defendants have filed an Opposition (Rec. Doc. No. 121). Upon review of the record, this matter can be resolved without an evidentiary hearing.

**I.    Factual and Procedural Background**

McCray filed this Complaint pursuant to Title 42 U.S.C. § 1983, against Warden Marlin Peachey, Sheriff Jack Strain, and Deputy Terry Crouch, alleging that his constitutional rights were violated because of the Defendants' failure to provide him with protection from other inmates. McCray alleged that he was twice attacked while housed within St. Tammany Parish Prison. As a result of the second attack, he lost his eye. He also invoked the supplemental jurisdiction of the Court to hear state law tort claims, including negligence.

This matter came before the undersigned with a jury on August 25 through 27, 2008.[1] During the course of the trial, after the close of McCray's evidence, the Court granted in part the defendants' oral Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50(a) dismissing McCray's § 1983 failure to protect claims against Warden Peachey and Sheriff Strain, each in their individual capacity.[2] The Court denied in part the motion as to Deputy Crouch and reserved its ruling on the motion insofar as it addressed McCray's claims of violation of prison policy.

At the close of evidence, the Defendants orally renewed their Fed. R. Civ. P. 50(a) motion.[3] The Court granted in part the motion as to Sheriff Strain in his individual and official capacities on all of the Plaintiff's claims under § 1983 and denied in part the motion as to the remaining § 1983 claims against Warden Peachey, the § 1983 claims against Deputy Crouch, and as to all of the state law claims against all three of the Defendants.

After deliberations, the jury found no liability as to any of the Defendants under § 1983.[4] However, the jury found liability under state law and awarded damages to McCray from Warden Peachey and Deputy Crouch in the amount of $35,000 for the loss of his eye and $15,000 for future medical expenses. The jury indicated that zero dollars be awarded for emotional or physical pain and suffering and loss of enjoyment of life.[5]

---

[1]Rec. Doc. Nos. 113, 114, 115.

[2]Rec. Doc. No. 114.

[3]*Id.*

[4]Rec. Doc. No. 115.

[5]*Id.*

On September 17, 2008, McCray filed the instant Motion for Judgment as a Matter of Law or in the Alternative a Motion for New Trial.[6] After receiving an extension of time to do so, McCray filed a notice of appeal on October 27, 2008, in connection with the August 27, 2008, judgment.[7] Six weeks later, on December 11, 2008, the Clerk of Court for the United States Court of Appeals for the Fifth Circuit entered a judgment dismissing McCray's appeal for want of prosecution.[8]

McCray contends the he is entitled to a judgment as a matter of law because (1) the award of damages by the jury are so low that they "shock the conscience of the court"[9]; (2) the verdicts are inconsistent because the jury made an award of special damages without a general damage award; and (3) alternatively, he seeks a new trial on the issue of his emotional pain and suffering, physical pain and suffering and loss of enjoyment of life.

The defendants oppose the motion. They contend that: (1) the motion for judgment as a matter of law is untimely and procedurally incorrect; and (2) McCray failed to prove his entitlement to a new trial.

## II. **Standard of Review for Judgment as a Matter of Law**

Judgment as a matter of law is proper where "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party." *Choate v. Potter*, 2008 WL 4613756 at *2 (N.D. Tex. Oct. 16, 2008) (quoting Fed. R. Civ. P. 50(a)(1)). The court must review all of the evidence in the record and "draw all reasonable inferences in favor of the nonmoving party." *Id*. at *2 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Judgment as a matter of law

---

[6] Rec. Doc. No. 120.

[7] Rec. Doc. No. 129; *see also*, Rec. Doc. Nos. 125, 128.

[8] Rec. Doc. No. 133, *McCray v. Peachey*, No. 08-31077, 12/11/08.

[9] Rec. Doc. No. 120-2, p. 5.

3

should be granted only "if the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion." *Id*. at *2 (quoting *Coffel v. Stryker Corp.*, 384 F.3d 625, 630 (5th Cir. 2002); and citing *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296 (5th Cir. 2005)). Thus, a jury verdict must be upheld unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Id*. at *2 (quoting *Coffel*, 384 F.3d at 296-297, internal quotations omitted). "A court must test the sufficiency of the evidence under the standard enunciated in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc), *overruled on unrelated grounds*, *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 336-38 (5th Cir. 1997) (en banc); *Casarez v. Burlington N. Santa Fe Co.*, 193 F.3d 334, 336 (5th Cir. 1999)." *Id*. at *2. Under *Boeing*, "[t]here must be a conflict in substantial evidence to create a jury question." *Boeing*, 411 F.2d at 375. Substantial evidence is "evidence of such quality and weight that reasonable and fairminded [persons] in the exercise of impartial judgment might reach different conclusions." *Id*. at 374; *see also*, *Krystek v. University of Southern Miss.*, 164 F.3d 251, 255 (5th Cir. 1999).

**III.    Analysis**

Before reviewing the merits of McCray's motion, the Court must first consider whether the motion is procedurally proper. McCray contends that his motion for judgment as a matter of law is timely, because the filing deadlines were suspended due to Hurricanes Gustav and Ike. He argues that the claims which resulted in the award of damages is based on pendent state law claims, such that the governor's suspension of filings deadlines operates to extend the period of time he had to file his motion. He does not distinguish between his request for a judgment as a matter of law and the motion for new trial.

In contrast, the Defendants contend that the motion for judgment as a matter of law is not timely submitted, because McCray failed to assert the motion during the trial of the proceedings as required by Fed. R. Civ. P. 50. The Defendants do not challenge the timeliness of the motion for new trial. Instead, they contend that the motion for new trial should be dismissed on the merits.

### A. Timeliness of the Motion For Judgment as a Matter of Law

McCray seeks the granting of a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. On page three of the motion, McCray seems to invoke relief under Fed. R. Civ. P. 50(a). Pursuant to Fed. R. Civ. P. 50(a), the Court may resolve an issue and grant a motion for judgment as a matter of law against a party when the party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 622 (5th Cir. 2008) (citing *Fitzgerald v. Weasler Eng'g, Inc.*, 258 F.3d 326, 337 (5th Cir. 2001)). The Court can grant the motion after viewing the evidence "'in the light and with all reasonable inferences most favorable to the party opposed to the motion.'" *Id.*,529 F.3d at 622 (quoting *Resolution Trust Corp. v. Cramer*, 6 F.3d 1102, 1109 (5th Cir. 1993)).

However, a motion under Rule 50(a) must be made prior to the submission of the case to the jury. Parties are not entitled to challenge on appeal the sufficiency of evidence to support the jury's verdict unless it timely moved in district court for judgment as matter of law on that issue; to be timely, the motion must be made before jury retires so that the non-moving party has an opportunity to remedy any defects in proof. *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307 (6th Cir. 2007) (post-verdict judgment as a matter of law is not available to anyone's request on issue not brought before court prior to submission of case to jury; post-trial motion for judgment can be granted only

5

on grounds advanced in pre-verdict motion; motion for conditional grant of new trial should be filed at same time as motion for JMOL); *Meacham v. Knolls Atomic Power Lab.*, 381 F.3d 56 (2d Cir. 2004), *cert. granted*, *judgment vacated*, 544 U.S. 957 (2005); *but see*, *Coughlin v. Capitol Cement Co.*, 571 F.2d 290 (5th Cir. 1978).[10]

McCray did not file a motion for judgment as a matter of law during trial in accordance with Rule 50(a). Because McCray did not bring a timely motion under Rule 50(a), he is prohibited now from bringing a motion under Rule 50(b):

> If a party fails to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal.

*Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F. 3d 229, 238 (5th Cir. 2001); *All Freight Sys. v. James*, 115 Fed. Appx. 182, 186-87 (5th Cir. 2004); *Brown v. Kelly*, No. 07-60329, 2008 WL 4375915 (5th Cir. Sept. 26, 2008).

McCray therefore has no right to pursue relief by motion for judgment as a matter of law under Fed. R. Civ. P. 50. The motion is denied in part as untimely and procedurally improper to the extent that its seeks relief under Fed. R. Civ. P. 50(a) or (b).

**B.     Timeliness of the Motion for New Trial**

Though it is not directly addressed in the Defendants' Opposition, the Court must consider the timeliness of the alternative motion for new trial under Fed. R. Civ. P. 59 on the issue of general

---

[10]A motion for judgment as a matter of law must be made at the close of all evidence by the defendant under Rule 50(b), in order to raise the issue again after trial to test the sufficiency of the evidence on appeal. Generally, courts will not deviate from this procedure. In *Coughlin*, the Fifth Circuit deviated from the rule and reversed the award of liquidated damages and remanded the issue for a new trial, even though the defendant failed to make the appropriate motion. The appellate court found trial error in that there was a lack of substantial evidence to support the jury verdict in favor of the plaintiffs. The court adopted a standard of review that there must be "a manifest miscarriage of justice" in order to reverse.

damages. Rule 59(a) allows for the granting of a new trial where "the verdict is against the great weight of the evidence. The decision to grant or deny a motion for new trial is, however, within the sound discretion of the trial court, and reversible only for an abuse of that discretion." *Dotson v. Clark Equip. Co.*, 805 F.2d 1225, 1227 (5th Cir. 1986); *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998); *Albarado v. Chouest Offshore, LLC*, No. 02-3504, 2003 WL 22994271 at *1 (E.D. La. Dec. 16, 2003). A motion under Rule 59(a) must be filed no later than ten days after the entry of the judgment. Fed. R. Civ. P. 59(b).

Under Fed. R. Civ. P. 6(a), the ten days would begin the day after entry of the judgment and would exclude intermediate Saturdays, Sundays, and legal holidays, because the period is less than 11 days.[11] To the extent McCray suggests that he may be entitled to additional "mail delay" time under Rule 6(d), he is not so entitled. While it is true that the judgment was electronically mailed to counsel on August 28, 2008, by the Clerk of Court, the period for filing a Rule 59 motion does not run from "service." It runs by its very terms from "entry of judgment." Rule 6(d) would not apply to extend the time for the filing of McCray's motion.

---

[11]Fed. R. Civ. P. 6 provides for the calculation of time to comply with the federal rules and court orders:
(a) Computing Time. The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute: . . .
    (2) Exclusions from Brief Periods. Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days.
    (3) Last Day. Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or--if the act to be done is filing a paper in court--a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.
. . .
(b) Extending Time . . .
    (2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow.
. . .
(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

The Judgment in this case was issued by the Court on Wednesday, August 27, 2008, immediately after trial, and entered into the record by the Clerk of Court on Thursday, August 28, 2008. Under a plain reading of Rule 6, the ten-day filing period would begin to run on Friday, August 29, 2008, the day after entry, and expire on Friday, September 12, 2008.[12] McCray, however, did not file this Rule 59 motion until September 17, 2008.[13]

McCray contends that four additional days should be excluded from the counting which would extend the filing period to September 18, 2008 and render his motion timely filed. The four days in question are Tuesday, September 2 through Friday, September 5, 2008. During this time period, the metropolitan area, and other portions of South Louisiana across the Gulf Coast, were affected by Hurricane Gustav. Between Friday, August 29, 2008, and Friday, September 5, 2008, parts of the area were at times temporarily evacuated and at times without power and other utilities. As a result, the federal courthouse building in the Eastern District of Louisiana was closed Tuesday, September 2 through Friday, September 5, 2008. There was no order issued by a judicial officer of this Court regarding these closing dates.

The Court has been unable to locate any authority which would require that these four "Gustav days" be excluded from the middle of McCray's time calculation under Rule 6. The four "Gustav days" were not Saturdays or Sundays to be excluded under Rule 6(a)(2). The four "Gustav days" also do not qualify as legal holidays, since they were not listed holidays under Rule 6(a)(4)(A) and they were not declared "holidays" by the President, Congress, or the state where the district

---

[12]Pursuant to Rule 6(a)(2), not included in this counting were Saturday, August 30, Sunday, August 31, Monday, September 1 (Labor Day), Saturday, September 6, and Sunday, September 7.

[13]Rec. Doc. No. 120.

court is located under Rule 6(a)(4)(B). Even the exhibits submitted by McCray do not reflect that a holiday was declared by the State as it is defined in this statute.

Further, McCray's suggestion that the *Erie* Doctrine[14] compels application of Governor Bobby Jindal's exemption order is without legal support. The Governor's order suspended "all deadlines in legal . . . proceedings, including liberative prescriptive and peremptive periods in all courts . . . until February 12, 2008."[15] The order also contains a non-exclusive list of Louisiana statutes setting forth prescriptive and peremptive periods to which the edict was applied. The Governor also made the declaration retroactive from August, 29, 2008 through September 12, 2008.

Under the *Erie* doctrine, federal courts sitting in diversity must apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In accordance with the *Erie* Doctrine, this Court and the jury considered McCray's underlying negligence claims under state law at trial. *See*, *Weiner v. Midwest Film Corp.*, No. 94-6795, 1995 WL 549036 (N.D. Ill. Sept. 12, 1995). McCray argues, however, that because his underlying claim for damages arose under state law, he has a substantive right to the application of the Governor's decree under the *Erie* Doctrine to the timeliness of his federal post-trial motion.

However, state law is applied under the *Erie* doctrine "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress . . ." *Erie*, 304 U.S. at 78. The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, diversity, or federal

---

[14]In relevant part, in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), the United States Supreme Court held that "except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern." Contrary to defendants argument, however, the *Erie* Doctrine is not limited to diversity cases. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 n.1 (5th Cir. 2006).

[15]Rec. Doc. No. 124, Exh. 1, Executive Order BJ08-92.

question, and irrespective of whether the substantive law at issue is state or federal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing *Hanna v. Plumer*, 380 U.S. 460 (1965)); *see Fezzani v. Bear, Stearns & Co., Inc.*, 2005 WL 500377 (S.D.N.Y. Mar. 2, 2005). Thus, where the matter in question is one covered by the Federal Rules of Civil Procedure, as here with Fed. R. Civ. P. 6, "it is settled that ... the Federal Rule applies regardless of contrary state law." *Gasperini*, 518 U.S. at 427 n.7.

Although *Erie* commands application of substantive state law to the merits of the underlying case, Fed. R. Civ. P. 6 is to be applied to determine timeliness of a motion filed in the federal court. *Rossman v. K Mart Corp.*, 701 F. Supp. 1127, 1134 (M.D. Pa. 1988). "Computation of time . . . is a procedural question and thus governed by federal law. Pursuant to federal law, time calculations in civil actions are governed by Rule 6 of the Federal Rules of Civil Procedure." (citations omitted) *Carter v. Geldis*, No. 00-7236, 2002 WL 1159904 (E.D.N.Y. 2002). The calculation of the time for filing McCray's post-trial motion is governed not by state law, but by federal procedural rules, specifically Rule 6. The *Erie* doctrine does not apply to this calculation.

Furthermore, unlike with Hurricane Katrina, this Court did not issue an Order, and was not under an order of any higher court, to adopt the liberative and prescriptive period exemptions ordered by Governor Jindal. The only exceptions made by this Court were those cited by McCray in exhibit three, which applied to attorneys with offices in Terrebonne and Lafourche Parishes. Counsel's office is located in St. Tammany Parish.[16] Thus, there is no legal basis for excluding these four days from the middle of the Rule 6 calculation. *See Merrick v. State Farm Fire and Cas. Co., I*, No. 07-7798, 2008 WL 4586850 (E.D. La. Oct. 14, 2008) (Lemelle, J.) (loss of work week due

---

[16]This is based on counsel's address of record.

to Hurricane Gustav was an Act of God not attributable to defendant/movant and which did not excuse plaintiff's failure to timely respond to pending motion); *Merrick v. State Farm Fire and Cas. Co., II*, No. 07-7798, 2008 WL 4587109 (E.D. La. Oct. 14, 2008) (Lemelle, J.) (same); *Latham v. Dominick's Finer Foods*, 149 F.3d 673, 674 (7th Cir. 1998) (Rule 6(a) "should be read to exclude any day on which the district court is either officially closed . . . or (as also here) inaccessible as a practical matter without heroic measures . . . only when the day in question is the day on which the filing is due.")

Next, Rule 6(a)(3) provides that the counting of time will not end if the last day is "a Saturday, Sunday, legal holiday, or – if the act to be done is filing a paper in court – a day on which weather or other conditions make the clerk's office inaccessible." The last day would instead fall on the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

Nevertheless, as the Defendants point out, and as discussed above, the four "Gustav days" did not fall at the end of McCray's filing period. Instead, these days were a Tuesday through Friday in the middle of the counting period. More importantly, the courthouse was accessible to the public on September 12, 2008, the last day for timely filing this motion. McCray concedes, the courthouse building reopened to the public on Monday, September 8, 2008. The weather and inaccessibility exceptions addressed by Rule 6(a)(3) do not provide assistance in extending the filing period for McCray. *Accord*, *U.S. Leather, Inc. v. H&W P'ship*, 60 F.3d 222 (5th Cir. 1995) (ice storm on last day of filing period made clerk's office inaccessible and extended deadline for filing Rule 59 motion); *see also Latham*, 149 F.3d at 674.

Finally, Rule 6(b)(1) provides that the Court may, for good cause, extend the time for filing allowed under the rule. However, by its very terms, "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow." Fed. R. Civ. P. 6(b)(2). Rule 59 does not provide for any exceptions or extensions to its ten-day deadline. *See Petrus v. Unionmutual Stock Life Ins. Co. of Am.*, 992 F.2d 325 (5th Cir. 1993) (trial court should not have granted an extension pursuant to Fed. R. Civ. P. 59(b) and 6(b)). Thus, the Court does not have the authority to extend the deadline to accommodate the plaintiff.

For the foregoing reasons, McCray's Alternative Motion for New Trial pursuant to Fed. R. Civ. P. 59(b) must be denied as untimely filed. However, this does not preclude McCray from seeking post-verdict review in this Court. The Fifth Circuit has long recognized that a motion filed after the ten-day period allowed in Fed. R. Civ. P. 59(b) may be considered under the provisions of Fed. R. Civ. P. 60. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 173 (5th Cir. 1990). The Court will proceed to consider the motion under that rule.

### C. <u>Standard of Review Under Fed. R. Civ. P. 60(b)</u>

Rule 60(b) provides by its very terms that the motion must be brought "within a reasonable period of time, and for reasons (1), (2), and (3) not more than one year after the judgment . . . was entered." Rule 60(b) sets forth the specific requirements to be met for relief from a judgment as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;

12

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The disposition of a motion under Fed. R. Civ. P. 60(b) is left to the sound discretion of the trial court. *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996). The rule has its main application in those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. *Swift Chem. Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1349-1350 (E.D. La. 1980) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977)). Weighing against the grant of a Rule 60(b) motion is the need to uphold the finality of judgments, especially when the claims urged are not meritorious, and to avoid injustice to the movant and the opposing party. *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993);[17] *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980); *Swift Chem. Co.*, 490 F. Supp. at 1350.

In *Edward H. Bohlin Co.*, the Fifth Circuit recognized several factors to be considered when addressing a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack. To that end, Rule 60(b)

---

[17]The Fifth Circuit recognized several factors which shape the framework of the court's consideration of a Rule 60(b) motion: (1) final judgments should not lightly be disturbed; (2) the rule is not to be used as a substitute for appeal; (3) the rule should be liberally construed in order to do substantial justice; (4) the timeliness of the motion; (5) whether the interest in deciding the case on the merits outweighs the interest in finality of the judgment and there is merit in the movant's claims; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factor relevant to the justice of the judgment under attack.

"must be equitably and liberally applied to achieve substantial justice." *Blois*, 612 F.2d at 938; *see also*, *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965).

### D. Jurisdiction under Fed. R. Civ. P. 60(b)

Before addressing the merits of McCray's motion under Rule 60(b), the Court must consider its jurisdiction over the motion in light of the appeal filed by McCray shortly after filing the instant motion. McCray's appeal to the United States Court of Appeals for the Fifth Circuit sought relief from the same judgment at issue here. However, even if an appeal is filed, the district court maintains the authority to consider and even deny a motion filed under Fed. R. Civ. P. 60(b). *Shepherd v. International Paper Co.*, 372 F.3d 326, 329-30 (5th Cir. 2004). On the other hand, it also is well settled in the Fifth Circuit that a district court does not have jurisdiction to <u>grant</u> relief under Fed. R. Civ. P. 60 after an appeal is filed:

> "[A] perfected appeal divests the district court of jurisdiction." *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995). Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no longer has jurisdiction to grant such a motion while the appeal is pending. *Id.* at 949. "'When the district court is inclined to grant the 60(b) motion, ... then it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.'" *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enters. Inc.*, 38 F.3d 1404, 1407 n. 3 (5th Cir. 1994)). If the district court "'indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion.'" *Winchester*, 68 F.3d at 949 (quoting *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955)).

*Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004).

In *Shepherd*, as here, the plaintiffs filed the notice of appeal after the Rule 60(b) motion was filed in the district court. *Id.*, 372 F.3d at 329. The plaintiffs, as here, did not seek leave from the appellate court or request that the matter be remanded for review of the motion. The Fifth Circuit

resolved that the district court did not have jurisdiction to grant the plaintiff's Rule 60(b) motion filed after the plaintiffs' notice of appeal. *Id*.

However, a district court is not required to obtain leave from the appellate court where the Rule 60(b) is being considered <u>after</u> the appeal has been resolved and issued as mandate. *Shepherd*, 372 F.3d at 330-31 (citing *Standard Oil Co. of Cal. v. U.S.*, 429 U.S. 17, 18 (1976)).

In this case, however, McCray's appeal was dismissed for want of prosecution on December 11, 2008. Thus, this case is in the posture where the Rule 60(b) motion was filed before the notice of appeal, but the appeal was dismissed before this Court issued its ruling on the Rule 60(b) motion. The Court can find no definite guidance on whether, if so inclined, it has the jurisdiction to grant the motion in the procedural posture of the case without leave of the appellate court. *But see*, *In re Dugas*, 115 Fed. Appx. 674, 675-76 (5th Cir. Dec. 19, 2004) (bankruptcy court had jurisdiction to grant Rule 60(b) motion after appeal to district court was dismissed for want of prosecution where notice of intent to grant was given by district court before appeal to district court was dismissed and issue remanded to bankruptcy court.)

Nevertheless, for reasons set forth below, the Court finds that, while McCray's motion has legal merit, the Court must deny McCray's motion and has the jurisdiction to do so without leave from the appellate court since the appeal was dismissed.

### E. <u>Consideration of the Motion under Fed. R. Civ. P. 60(b)</u>

McCray contends that the jury's damage award for the state negligence claims created an injustice and was error as a matter of Louisiana law. He argues that the jury failed to award damages for emotional and physical pain and suffering and loss of enjoyment of life, which was inconsistent with the award of damages for the award for future medical care. A review of the

provisions of Rule 60(b) limits this Court's review to consideration under the sixth factor, which allows relief from a judgment based on "any other reason justifying relief from the operation of the judgment."[18]  Fed. R. Civ. P. 60(b)(6).

The fundamental principle of tort liability in Louisiana is that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."  La. Civ. Code art. 2315.  In a negligence action under Article 2315 *et seq.*, the plaintiff bears the burden of proving fault, causation, and damages.  *Buckley v. Exxon Corp.*, 390 So.2d 512, 514 (La. 1980); *Wainwright v. Fontenot*, 774 So.2d 70, 74 (La. 2000).

Under Louisiana law, compensatory damages are divided into special damages and general damages.  Special damages, such as medical expenses, are those which either must be specially pled or can be determined with relative certainty.  *Wainwright*, 774 So.2d at 74.  General damages are inherently speculative in nature and cannot be fixed with any mathematical certainty. These include pain and suffering.  *Id.*, 774 So.2d at 74; *Coco v. Winston Indus., Inc.*, 341 So.2d 332, 334 (La. 1977).  The plaintiff has the burden of proving the damage he suffered as a result of the defendant's fault.  *Wainwright*, 774 So.2d at 77.

In *Pagan v. Shoney's Inc.*, 931 F.2d 334 (5th Cir. 1991), the United States Court of Appeals for the Fifth Circuit held that, for a jury to award special damages for medical expenses, but not award for general damages, like pain and suffering, was an error as a matter of Louisiana law.  *Id.*, 931 F.2d at 337 (citing *Marcel v. Allstate Ins. Co.*, 536 So.2d 632, 635 (La. App. 1st Cir. 1988), *cert. denied*, 539 So.2d 631 (La. 1989)).  The *Pagan* court determined that the failure or refusal to grant general damages to a plaintiff with objective injuries did not fall within the range of discretion

---

[18] McCray motion is not based on any of the other factors listed under Rule 60 listed above.

afforded to juries under Louisiana law. *Id.*; *Duhon v. Marceaux*, 33 Fed. Appx. 703 (5th Cir. Feb. 25, 2002).

However, in light of a later Louisiana Supreme Court holding in *Wainwright*, 774 So.2d at 70, the Fifth Circuit has questioned whether its decision in *Pagan* remains viable. *Oyefodun v. City of New Orleans*, 54 Fed. Appx. 793 (5th Cir. 2002). This is because, nine years after *Pagan,* the Louisiana Supreme Court held in *Wainwright* that it was not, per se, error under Louisiana law for a jury to award a plaintiff special damages for medical expenses and not to award general damages for pain and suffering. *Wainwright*, 774 So.2d at 76; *Leighow v. Crump*, 960 So.2d 122, 128-29 (La. App. 1st Cir 2007). The Court held instead that the proper course of action would be for the reviewing court to first determine whether the jury's "determination that the plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion." *Id.*; *Harris v. Delta Development Partnership*, 994 So.2d 69, 83 (La. App. 1st Cir. 2008). This abuse of discretion must be determined before a court can reconsider the award of damages. *Id*.

In this case, the evidence at trial demonstrated that McCray will incur future costs, i.e. medical expenses, at least for the cleaning of his prosthetic eye and perhaps for continued medication for headaches. McCray testified that, on the day of trial, he was taking medication for headaches and seizures.[19] He also continues to use drops and salve for his eye.[20] Consistent with this, the jury awarded damages for future medical expenses.

---

[19]Electronic Transcript, 10:34:26 a.m., 8/25/08.

[20]*Id*.

McCray also testified that he was in pain when the injury first happened, as the eye sac deflated, and after the eye was surgically removed.[21] He also began having migraine headaches for which he is still being treated.[22] While there was no medical testimony offered at trial,[23] the medical records in the joint exhibits of the parties and the testimony related thereto, memorialized McCray's requests and treatments for pain and headaches.[24] This evidence was not refuted at trial by the defendants. In spite of this evidence, the jury award zero dollars for pain and suffering or loss of enjoyment of life.

Having reviewed the record, the Court finds that, under the facts of this case, the jury abused its discretion when it failed to award damages for emotional and physical pain and suffering and loss of enjoyment of life to McCray in addition to the special damages. Upon reaching this conclusion, however, the Court also finds that it is unable to grant relief to McCray because of the posture of the case.

### F. Relief Not Available

Having resolved that McCray's motion has merit, the Court is still unable to grant the relief sought. McCray requests that the Court award additional damages or provide him with a new trial on general damages. Relief under Fed. R. Civ. P. 60(b), however, is available only to set aside a prior judgment. *Lindy Investments, III, L.P. v. Shakertown Corp.*, No. 94-4112, 2008 WL 3077063 at *4 (E.D. La. 2008) (Berrigan, J.) (quoting 12 *Moore's Federal Practice* § 60.25 (LexisNexis 3rd

---

[21] Electronic Transcript, 11:27:03 a.m. *et seq*, 11:36:39 a.m., 11/25/08.

[22] *Id.*, 11:46:43 a.m.

[23] The ocularist who testified, David Wyatt, was not a physician. Electronic Transcript, 9:57:24 a.m., *et seq*, 10:03:03 a.m., 11/26/08.

[24] Joint Exhibit 4, Medical Records from St. Tammany Parish Jail; *see also*, Joint Exhibit 3, Medical Records from Lallie Kemp Medical Center. *See also*, Rec. Doc. No. 120-2, pp. 6-7.

18

ed. 2008)); *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting 12 *Moore's Federal Practice* § 60.25 (Matthew Bender 3rd Ed. 2004). The motion can not be used to grant affirmative relief, like amendment or reopening of the judgment to include the additional damages sought here by McCray. *See*, *Id*.

Furthermore, it is a long-standing principal that a motion under Fed. R. Civ. P. 60(b) can not be used as a substitute for appeal. *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 305 (5th Cir. 2007) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)); *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). The law also is clear that McCray can not challenge a mistake of law, like the one raised here, in a Rule 60(b) motion where the relief could have been pursued on appeal. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citing *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984); *Haygood v. Quarterman*, No. 07-51380, 2008 WL 3244144 at *4 n.4 (5th Cir. Aug. 8, 2008) (Table, Text in Westlaw); *Olmstead v. Humana, Inc.*, 154 Fed. Appx. 800, 805 (11th Cir. Nov. 15, 2005) (quoting *American Bankers Ins. Co. of Fla.*, 198 F.3d 1332, 1338 (11th Cir. 1999); *Martinez-McBean v. Govt. of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977). In other words, McCray could have challenged the error of law raised in this motion in his appeal.

McCray filed an appeal through which he could have gained relief. However, he has allowed that appeal to be dismissed for want of prosecution. The Fifth Circuit has also held that where the Court "previously dismissed [the] appeal for lack of prosecution . . . our circuit has a 'firm rule of not allowing a 60(b) motion to substitute for an appeal.'" *Daniel v. Roussel*, 114 Fed. Appx. 640 (5th Cir. Dec. 10, 2004) (quoting *In re Air Crash at Dallas/Ft. Worth Airport*, 852 F.2d 842, 844 (5th Cir. 1988). Under the circumstances of this case and its procedural posture, the Court cannot

grant relief to McCray under Fed. R. Civ. P. 60(b) which he could have obtained had he properly pursued his appellate rights.

In summary of the foregoing reasons, McCray is not entitled to relief under Fed. R. Civ. P. 50 since no prior motion was filed at trial under that rule and this motion was filed too late. McCray's motion also was not filed within ten days of the entry of the judgment and therefore cannot be considered under Fed. R. Civ. P. 59. Finally, while his motion has merit, McCray is not entitled to the relief he seeks pursuant to Fed. R. Civ. P. 60(b) for the reasons set forth above, including the fact that the relief sought could have been obtained through appeal, an appeal which McCray has allowed to be dismissed for want of prosecution. Accordingly,

**IT IS ORDERED** that Edward N. McCray's **Motion for Judgment as a Matter of Law or in the Alternative a Motion for New Trial (Rec. Doc. No. 120)** be and hereby is **DENIED**.

New Orleans, Louisiana this 2nd day of February 2009.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**